NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0254n.06

Case No. 20-3683

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 26, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff-Appellee,* | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| CHINA HESTER, | ) | OHIO |
| *Defendant-Appellant.* | ) | |
| | ) | O P I N I O N |

BEFORE: NORRIS, KETHLEDGE, and NALBANDIAN, Circuit Judges

NALBANDIAN, Circuit Judge. China Hester was on supervised release when she used a false social security number on a rental application. For the offense itself, the district court sentenced Hester to time served—about seven months. But for violating the terms of her supervised release, the court sentenced her to eighteen months. The court ordered that Hester serve these sentences consecutively rather than concurrently. Hester appealed, arguing that her sentence is substantively unreasonable. Because the district court did not abuse its discretion in choosing the sentence, we **AFFIRM**.

## BACKGROUND

Before the social security number offenses that sparked this appeal, Hester conspired to possess with intent to distribute twenty-eight grams or more of cocaine base. For that offense, the district court sentenced her to fifty months of incarceration followed by four years of supervised release. Her supervised release began in February 2017.

That November, Hester gave a false social security number in an apartment application. She got approved, and she lived in the apartment until the landlord evicted her for nonpayment. About a year later, she applied to rent a home using a second false social security number. Hester was arrested and charged with False Representation of a Social Security Number, a violation of 42 U.S.C. § 408(e)(7)(B).

Hester pled guilty and stipulated to the violation of her supervised release. The parties agreed that the guideline sentencing range for the supervised release violation was 18 to 24 months, and the guideline sentencing range for the social security number fraud was 6 to 12 months. 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4.

The sentencing court noted its duty to consider the guideline range and the statutory factors, including "the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense and promote respect for the law and to provide just punishment, as well as to afford adequate deterrence and to protect the public from more crimes by the defendant." (2:19-cr-86, R. 48, Sent. Tr., PageID 126.); 18 U.S.C. § 3553(a).

After hearing from the defendant, defense counsel, and the government, the court considered the § 3553(a) factors and their application to Hester on the record. It emphasized Hester's "lengthy criminal record," which took up "pages and pages and pages," and documented "fraudulent behavior, petty thefts, offenses involving deception," and other crimes. (R. 48 at 130–31.) The court noted that many of her past sentences seemed so lenient that they had not deterred her criminal behavior. In sum, the court believed that Hester's criminal history and the need to protect the public from future crimes warranted a within-guidelines sentence. At the same time, the court recognized that counsel had brought up mitigating factors, including the fact that she had been seeking better housing for her kids and had used made up social security numbers with her real name. Those considerations led the court to impose sentences on the low end of the guidelines.

In the end, the court imposed a sentence of time served—about seven months—and a three-year term of supervised release for the social security number offense. But for the supervised release violation it imposed a sentence of eighteen months incarceration to be served consecutively to the first sentence. Hester appealed.

## DISCUSSION

We review sentences imposed while revoking supervised release for abuse of discretion. *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009). We give "due deference" to the district court's sentence if the § 3553(a) factors justify it, "even if we would have imposed a different sentence." *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012).

Since Hester is not challenging any procedural aspect of the sentence, we consider only its substantive reasonableness: whether the "sentence is too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "A sentence is substantively unreasonable if the sentencing court arbitrarily selected the sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor." *Cunningham*, 669 F.3d at 733. We "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," and we may "apply a presumption of reasonableness" to a within-guidelines sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). "Defendant bears a heavy burden in showing that [her] sentence at the low-end of [her] Guidelines range is unreasonable." *Cunningham*, 669 F.3d at 733.

Nothing in the record suggests that the within-guidelines sentence here was unreasonable. The district court considered the necessary factors. It began by calculating the guidelines range to use as an "initial benchmark." *Gall*, 552 U.S. at 49. Then it noted Hester's long criminal history and the apparent need for greater deterrence. Since the need for deterrence can justify even an upward variance, it can certainly justify a within-guidelines sentence. *See Kontrol*, 554 F.3d at 1093. The court also considered the mitigating factors that counsel raised, ultimately giving sentences on the low end for both offenses. Hester cannot overcome the presumption of reasonableness that we afford the court's sentence here.

The district court's decision to run the 18-month sentence consecutive to the time-served sentence was not an abuse of discretion either. In fact, it aligned with the Sentencing Guidelines. The guidelines state that a sentence for a supervised release violation "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f). The district court had the authority to choose whether the sentences would run concurrently or consecutively, and the district court did not abuse its discretion when it decided to run them consecutively. 18 U.S.C. § 3584(a)–(b).

Most of Hester's argument centers on her disagreement with how the district court weighed the factors. She believes that the court should have put more weight on her acceptance of responsibility, her apology to the court, the government's agreement that a lighter sentence would be appropriate, her minor role in her prior criminal activities, and the plea agreement's recommendation for concurrent sentences. While these are factors that the court could have decided to weigh more heavily in its decision, that does not make the court's sentence substantively unreasonable. The plea agreement did not bind the court or require a particular outcome. And the court articulated why it believed that a within-guidelines sentence was necessary. In sum, "the record establishes no cognizable basis for second guessing the district court's exercise of sentencing discretion." *Kontrol*, 554 F.3d at 1093.

## CONCLUSION

For these reasons, we **AFFIRM** the district court.